Wyley *vs.* Whitely *et al.*

NICHOLAS WYLEY, plaintiff in error, *vs.* NANCY WHITELY *et al.*, defendants in error.

(McCay, J., having been of counsel in this cause. did not preside.)

1. When A commenced his proceeding against B., under section 4000 of the Code, as an intruder, and B filed a counter affidavit, which was accepted by the sheriff, and returned to the Superior Court, and an issue was made up, and A afterwards sold the land in dispute to C, who filed a bill against B, which B answered, and set up equities which entitled B to a hearing, and C then moved to dismiss his bill, which was refused by the Court, which judgment was not excepted to: *Held,* that equity having obtained jurisdiction and control of the case, will hold it for adjudication.

2. After a Court of Equity has taken the control of the case, the Court of Common Law will not entertain a rule against the sheriff to compel him to place A, or his vendee, C, in possession of the premises in dispute on account of a defect in the original counter-affidavit filed by B.

Intruders. Equity practice. Decided by Judge CLARK. Sumter Superior Court. October Term, 1869.

In December, 1865, Wyley filed his affidavit, under section 4000 of the Code, to eject Mrs. Whitely from land known as the " Whitely dower," and on the 4th of January, 1866, she filed a counter-affidavit that she did hold in good faith and in her own right the possession of, and claim said lands as her's. The sheriff did not eject her, but returned said papers to Court.

In 1868 one Alston filed a bill in said Court, averring that in 1867 Wyley sold said land to him, and gave him a bond for title; that one Bird, as Wyley's agent, gave him possession of said land; that in 1859 Nancy Whitely conveyed said land by deed to one Ford, and in October, 1859, Ford sold it to Wyley; that Wyley had filed his said affidavit, and she had filed her said counter-affidavit, which was defective, in that she did not swear that she, *bona fide,* claimed a *legal right* to the possession, etc,, and yet she would not permit him to haul timber off said lot. He prayed that she should be enjoined from interferring with his possession of the premises. She answered the bill, averring that she had

VOL. XXXVIII—39.

been induced by fraud to sign said deed, (giving a history of the transaction,) that it was really her property, and that, at least, she was entitled to it, as dower out of the estate of her husband, and prayed that said deed should be set aside.

At October Term, 1868, a rule *nisi* was sued out against the sheriff, calling on him to show cause why he should not be punished for contempt in failing to put Wyley in possession of said land under said affidavit, because the counter-affidavit was insufficient to stop him. During the term, Alston's solicitor paid up the costs of said bill, and was dismissing the same. But before the order of dismissal was entered upon the minutes, Mrs. Whitely's solicitors objected to it upon the ground that if the equities set up by her in her answer were true, the dismissal would prejudice her rights, and the Court refused to allow the bill dismissed. When the rule against the sheriff came on to be heard, the movants read the affidavits, and insisted upon a rule absolute against the sheriff, and for an order for immediate posessession of said premises. Mrs. Whitely's attorneys produced said bill and answer, and said that she could not be ejected as an intruder from said premises.

The Court refused to make the rule absolute or to grant the order for possession, upon the ground that the same matters were pending in equity, in said bill, and because of the equity set up by said answer. Wyley's attorney assign said refusal as erroneous, saying that the Court erred in holding there was any equity in said answer, in considering said bill and answer at all, especially after its attempted dismissal, and in giving them such effect as to stop said original process under the affidavit.

GEORGE W. WARWICK, VASON & DAVIS, for plaintiff in error, cited as to duty of sheriff, Code, section 4000 ; *Cardin vs. Standley*, 20 *Ga. R.* ; *Hass vs. Gardner*, 36 *Ga. R.*, 477 ; *Perry vs. Martin*, 26 *Ga. R.*, 436.

W. A. HAWKINS & S. H. HAWKINS, for defendant in error.

Wyley *vs.* Whitely *et al.*

BROWN, C. J.

1. After Wyley had commenced proceedings against Mrs. Whitely, as an intruder, under section 4000 of the Revised Code, he sold the premises in dispute to Alston, who filed his bill against Mrs. Whitely, *et al.*, on the equity side of the Court. She answered the bill, and set up equities in her own favor. Alston then moved to dismiss his bill. Her counsel objected on the ground that she had a right to a hearing on the equities set up by her answer. The Court sustained the objection and refused to dismiss the bill, which decision was not excepted to by Alston. The case was, therefore, still pending in equity, and that Court having obtained jurisdiction and control of it, has a right to hold it for adjudication.

2. While the case was still pending in equity between Wyley's vendee and Mrs. Whitely, Wyley came into Court and moved a rule against the sheriff, to compel the sheriff to dispossess Mrs. Whitely, and put him in possession, on account of a defect in Mrs. Whitely's affidavit, filed in the proceeding instituted by him against her, as an intruder. The Court refused to make the rule absolute, and this ruling is excepted to. We think the Court did right. The case was still pending in equity. That Court having obtained control of it, will administer equity to all the parties, and it would be improper for the Court of common law to interfere, and by its order change the possession of the premises, from one claimant to the other, on account of a technical defect in the original proceedings at law, before the decision of the Court of equity has settled the rights of the parties.

Judgment affirmed.